IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02000-PAB

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CHAD STICKFORTH,

    Defendant.

## FINAL JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order [Docket No. 8] of Chief United States District Judge Philip A. Brimmer entered on August 24, 2023, it is

ORDERED that the Unopposed Motion to Enter Final Judgment [Docket No. 4] is GRANTED.  It is further

ORDERED that defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.  It is further

ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant or with anyone described in (a).  It is further

ORDERED that defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"),15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.  It is further

ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final

Judgment by personal service or otherwise: (a) defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant or with anyone described in (a).  It is further

ORDERED that defendant is permanently restrained and enjoined from violating Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act"),15 U.S.C. § 80b–6, by use of the mails or any means or instrumentality of interstate commerce, by directly or indirectly:

> (a) employing any device, scheme, or artifice to defraud any client or prospective client; or
>
> (b) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.  It is further

ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant or with anyone described in (a).  It is further

ORDERED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).  It is further

ORDERED that defendant is liable for disgorgement of $1,546,197.34, representing net profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest in the amount of $101,552.47, and a civil penalty in the amount of $223,229 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e). Defendant shall satisfy this obligation by paying $1,870,978.81 to the Securities and Exchange Commission within 60 days after entry of final judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Chad Stickforth as a defendant in this action; and specifying that payment is made pursuant to this final judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this final judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this final judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an order of the Court. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of defendant's payment

of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the complaint in this action.  It is further

ORDERED that that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that defendant shall comply with all of the undertakings and agreements set forth therein.  It is further

ORDERED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by defendant under this final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  It is further

ORDERED that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this final judgment.   It is further

ORDERED that judgment shall enter in favor of the Commission and against defendant Chad Stickforth. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk shall enter judgment against defendant Chad Stickforth.  It is further

ORDERED that this case is closed.

Dated: August 25, 2023.

FOR THE COURT:

Jeffrey P. Colwell, Clerk

By s/ M. Smotts
       Deputy Clerk